NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251002-U

NO. 4-25-1002

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 15, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* L.B., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Tazewell County |
| Petitioner-Appellee, | ) | No. 25JA45 |
| v. | ) | |
| Shane R., | ) | Honorable |
| Respondent-Appellant). | ) | Katherine G. P. Legge, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1  *Held*: The appellate court affirmed, concluding the trial court's dispositional finding respondent was unfit to care for his daughter was not against the manifest weight of the evidence.

¶ 2  Respondent, Shane R., appeals the trial court's judgment making his daughter, L.B. (born February 2022), a ward of the court and placing guardianship and custody of her with the Illinois Department of Children and Family Services (DCFS). On appeal, respondent argues the court's finding he was unfit to care for the minor was against the manifest weight of the evidence. For the reasons that follow, we disagree and affirm.

¶ 3  I. BACKGROUND

¶ 4  In March 2025, the State filed a petition for adjudication of wardship, alleging the minor was neglected in that her environment was injurious to her welfare (705 ILCS 405/2-3(1)(b) (West 2024)). In support of its neglect allegation, the State cited unsanitary conditions and

unsecured controlled substances within the home where the minor lived with her mother, the latter of which resulted in an incident where the minor overdosed on tetrahydrocannabinol (THC).

¶ 5　　In September 2025, the trial court conducted adjudicatory and dispositional hearings on the State's petition for adjudication of wardship. With respect to the adjudicatory hearing, the court, based upon stipulations and a supporting factual basis consistent with the neglect allegation, found the minor to be neglected. As for the dispositional hearing, the court (1) received a dispositional report and a proffer from respondent's counsel, (2) heard from the minor's caseworker and a guardian *ad litem* (GAL), and (3) received recommendations. The following information was before the court as it relates to respondent.

¶ 6　　Respondent was unemployed and living in New York with his paramour and her three children in a three-bedroom apartment. He had six children of his own, none of whom were in his care. Respondent maintained parental rights to five of his children. Respondent previously dated the minor's mother for approximately two years. They moved from New York to Illinois in December 2021, shortly before the minor's birth. Respondent acknowledged the minor's mother struggled with depression and "environmental cleanliness." In October 2022, respondent left the minor's mother and the minor and returned to New York. Up until the instant proceedings, respondent had no in-person contact with the minor but maintained occasional video visits.

¶ 7　　As part of an April 2025 integrated assessment, respondent acknowledged having previously been diagnosed with attention deficit hyperactivity disorder, posttraumatic stress disorder (PTSD), and anxiety. He disclosed he was previously "psychologically hospitalized" for a five-day period "due to a stressful situation and anger issues." Respondent acknowledged a history of drug and alcohol abuse. He asserted he no longer struggled with substance abuse. He drank alcohol on special occasions and used marijuana daily to address "symptoms of PTSD, sleep

issues, and chronic pain." Respondent asserted he had chronic pain in his knees and back.

¶ 8 The agency assigned to monitor the welfare of the minor recommended respondent complete a mental health assessment, counseling, a substance abuse assessment, drug screening, parenting education, and background and home safety checks.

¶ 9 At the time of the dispositional hearing, respondent was engaged in therapy in New York. He was willing to provide the minor's caseworker with information about his provider to explore if that provider could satisfy the service recommendations.

¶ 10 Respondent supported reunification of the minor with her mother but was willing to care for the minor if reunification was not possible. He acknowledged he was presently unable to care for the minor.

¶ 11 As for recommendations, the State, in issuing a recommendation to find respondent unfit to care for the minor, emphasized the lack of contact respondent had with the minor, as well as his previous mental health diagnoses and substance abuse history. Respondent, through his counsel, recommended he be found fit but unable to care for the minor. The GAL recommended respondent be found to be unfit, unable, and unwilling to care for the minor.

¶ 12 The trial court made the minor a ward of the court, found both respondent and the minor's mother were unfit to care for the minor, and placed guardianship and custody of the minor with DCFS. With respect to respondent, the court emphasized, although respondent did not contribute to the conditions of the minor's home, he had a duty to protect the minor, and there were "issues outlined" in the integrated assessment for which services could be provided so that respondent could properly care for the minor. The court further stated, in a written dispositional order, its finding of respondent's unfitness was "for reasons other than financial circumstances alone." The court ordered respondent to engage in services, including, *inter alia*, a substance abuse

assessment, counseling, and parenting education.

¶ 13        This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15        On appeal, respondent argues the trial court's finding he was unfit to care for the minor was against the manifest weight of the evidence. The State disagrees.

¶ 16        The Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 to 7-1 (West 2024)) provides a two-step process for determining whether a minor should be removed from his or her parents' custody and made a ward of the court. *In re A.P.*, 2012 IL 113875, ¶ 18. The first step requires the trial court to conduct an adjudicatory hearing to determine whether the minor is abused, neglected, or dependent. *Id.* ¶ 19. If such a finding is made, the matter proceeds to the second step, which requires the court to conduct a dispositional hearing. *Id.* ¶ 21.

¶ 17        "At the dispositional hearing, the [trial] court shall determine whether it is in the best interests of the minor and the public that the minor be made a ward of the court." 705 ILCS 405/2-22(1) (West 2024). If such a finding is made, the court must then "determine the proper disposition best serving the health, safety[,] and interests of the minor and the public." *Id.* Under section 2-27(1) of the Act (*id.* § 2-27(1)), a proper disposition may include placing guardianship and custody with DCFS if the minor's parents are found to be "unfit," "unable," or "unwilling" to care for the minor.

¶ 18        On review, a trial court's factual finding a parent is unfit, unable, or unwilling to care for a minor will not be reversed unless it is against the manifest weight of the evidence. *In re K.E.S.*, 2018 IL App (2d) 170907, ¶ 51. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident." *In re Arthur H.*, 212 Ill. 2d 441, 464 (2004).

¶ 19        In this case, the information of record supports the trial court's dispositional finding

respondent was unfit to care for the minor. First, contrary to respondent's assertion on appeal, the court's unfitness finding was not based upon respondent's financial circumstances alone. The court made this clear in its dispositional order. Furthermore, the court, in support of its finding, cited issues outlined in the integrated assessment for which services could be provided. The integrated assessment described a history of mental health issues and substance abuse. Respondent also acknowledged daily THC use. The recommended services, which respondent had not completed, would address these issues. Given the above, we find the court's finding respondent was unfit to care for the minor was not against the manifest weight of the evidence.

¶ 20        Before concluding, we note respondent claims the neglect and wardship findings are also against the manifest weight of the evidence. He fails, however, to support his claims with argument and authority. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (requiring "the contentions of the appellant and the reasons therefor, with citation of the authorities *** relied on"). Accordingly, we find, to the extent respondent intends to raise challenges to the neglect and wardship findings, those issues are forfeited. See *In re H.B.*, 2022 IL App (2d) 210404, ¶ 41 ("A party forfeits an argument when he or she fails to adequately develop it.").

¶ 21                                III. CONCLUSION

¶ 22        For the reasons stated, we affirm the trial court's judgment.

¶ 23        Affirmed.